Reads, J.
 

 The objection was taken in this court that the bill cannot be maintained
 
 upon the relation of Hoke
 
 — that it should have been
 
 upon the relation of the Solicitor for that district.
 
 The revenue law, Rev. Code, ch. 99 s 14, authorizes the Governor to appoint a commissioner for each judicial district to institute and conduct suits against delinquent tax-payers. Under that law the Governor appointed J. F. Hoke, Esq., several years ago, and again in 1866. But by the revenue act of 1859, and subsequent revenue acts that law is repealed, and it is made the duly of the Attorney General and the solicitors of the several judicial districts, upon the information of the sheriffs, to institute and conduct such suits. It will be seen therefore that Mr. Hoke had no authority under his appointment. We suppose that the repealing acts were not called to the Governor’s attention. It is to be considered how far the fact that Mr. Hoke is a mere volunteer affects the case.
 

 It will be observed that the suit is not in the name of the
 
 *348
 
 State to the use of Ploke, and that he has no interest therein. In this it differs from suits in the name of the State, upon official bonds of sheriffs, constables, administrators and the like, where the relator is the real plaintiff This suit is in the name of the State,
 
 and for the use of the State,
 
 upon the relation or information of Hoke. And if the State think proper to institute a suit upon the relation of any third person it is not seen how the defendant can object. The officer of relator in a suit is, to be answerable for costs, and to be otherwise convenient in the progress of the cause.
 

 In England, in all cases which immediately concern the crown, the officers proceed upon their own authority without the intervention of any other person, but in cases in which the crown is not immediately concerned they proceed upon the relation of some person whose name is inserted in the bill and is termed relator. This person in reality sustains and directs the suit, and is answerable to the court and the parties for the propriety of the proceedings; but he cannot take any step in his own name independently of the Attorney General, 1 Dan. Ch. Prac. 3.
 

 This
 
 suit immediately concerns the crown, i. e. the State. And without an act appointing any one to the duty, it would be the duty of the Attorney General and Solicitors to conduct the suit, and a relator would be unnecessary. And when the act is express in making it the duty of the Attorney General and Solicitors, there is of course no doubt about it. And although the suit is upon the relation of Hoke, yet he can do nothing without the sanction of the Solicitor for that district, who has the right to control it and strike Hoke’s name from the suit, or otherwise control it as if Hoke’s name were not there. Hoke’s relation to the suit makes him responsible for the costs, without giving him any control over it whatever. But still
 
 the defendant
 
 has no right to com
 
 *349
 
 plain, for it is a suit against him in the name and to the use of the State. Whether the defendant in a separate proceeding against IToke would have any remedy against him, is a question which we are not called upon to decide. It would seem from his
 
 color
 
 of authority that he was acting in good faith.
 

 The defendant is liable for the tax upon the personal property, but he is not liable for the tax upon the land of his intestate.
 
 State
 
 v. Brevard,
 
 ante
 
 141.
 

 It will be referred to the Master to correct the report in that particular, and then there will be a decree for the amount with costs, including the alloAvance to the Master for reforming the report.
 

 Per Curiam.
 

 Decree accordingly.